# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

|  |  |
|---|---|
| SOLVAY PHARMACEUTICALS, INC., )<br>)<br>Plaintiff-Claimant, )<br>)<br>v. )<br>)<br>DURAMED PHARMACEUTICALS, INC., )<br>)<br>Defendant-Respondent. )<br>) | Case No. 1:04 CV 414<br><br>Judge Weber |

## DURAMED PHARMACEUTICALS, INC.'S MOTION TO STAY SOLVAY PHARMACEUTICALS, INC.'S APPLICATION TO CONFIRM ARBITRATION AWARD

On June 16, 2004, an arbitration panel awarded Solvay Pharmaceuticals, Inc. ("Solvay") $68 million in an arbitration against Duramed Pharmaceuticals, Inc. On June 17, 2004, Solvay filed an Application to Confirm Arbitration Award. Duramed's response to that Application is currently due on July 8, 2004. Pursuant to 9 U.S.C. § 12, Duramed Pharmaceuticals, Inc. respectfully moves to stay Solvay's Application to Confirm Arbitration Award until Duramed's motion to vacate the arbitration award, which Duramed intends to file by September 10, 2004, is resolved.

Solvay initiated an arbitration against Duramed in July 2002, seeking damages for the termination of a co-promotion arrangement between the two companies concerning the drug Cenestin. In so doing, Solvay argued that Duramed wrongfully terminated the co-promotion arrangement and that Solvay was somehow exempt from the express termination provisions and the no-damage clause contained within the operative contract documents.

Following nearly two years of discovery and motion practice, the parties participated in a three-week arbitration hearing with more than 300 exhibits and more than 20 witnesses. Despite this voluminous record and the myriad issues presented, the arbitration panel issued a cursory decision on June 16, 2004, ordering Duramed to pay Solvay *$68 million* in damages. In so doing, the panel did not address the express termination provisions between the parties, did not discuss the no-damages clause to which the parties had agreed, and indeed did not provide any reasoning in support of its decision. The panel likewise offered no support for its $68 million damages award, even though neither party identified that number over the course of the hearing.

In contrast, the chair of the arbitration panel submitted a detailed dissent emphasizing that the panel's $68 million award was not supported by the evidence given, among other things, the overwhelming evidence that Solvay would have experienced significant business losses -- not profits -- if the parties' co-promotion arrangement had remained in force. As the chair explained in criticizing the panel's award: "In my view, the evidence in this matter not only does not support that amount of damages. On the contrary, it establishes to a reasonable certainty that Solvay would have realized nothing remotely near that amount." (Separate Statement of Arbitrator Mercurio accompanying June 16, 2004 Award (attached as Exhibit A to Solvay's Application to Confirm Award).)

Under these circumstances, Duramed intends to submit a Motion to Vacate the Arbitration Award and an accompanying memorandum on or before September 10, 2004, on the grounds set forth in 9 U.S.C. § 10 and under other applicable law. The Federal Arbitration Act itself contemplates a *three month* period within which a party can move to vacate an award, *see* 9 U.S.C. § 12, rather than the twenty-one day time frame within which Duramed otherwise would have to respond to Solvay's application to confirm the award. Moreover, the Federal Arbitration

2

Act expressly grants the Court the power to "make an order ... staying the proceedings of the adverse party to enforce the award." 9 U.S.C. § 12. In a case of this magnitude and given the extensive nature of the record, Duramed has good cause for requiring up to the full 90 days permitted for filing a motion to vacate the arbitration award. Moreover, it is in the interest of judicial efficiency that the Court proceed with a single briefing schedule for both the motion to confirm and the motion to vacate the award. As a result, Duramed respectfully asks that Solvay's Application to Confirm the Arbitration Award be stayed pending Duramed's forthcoming submission of its Motion to Vacate the Arbitration Award.[1] A proposed Order is attached.

Respectfully submitted,

s / James E. Burke
_____
James E. Burke (#0032731)
R. Patrick Dewine (#0064516)
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, OH 45202
Tel: 513-579-6570
Fax: 513-579-6457

Thomas D. Yannucci, P.C.
Pat A. Cipollone
Gerald F. Masoudi
KIRKLAND & ELLIS LLP
655 Fifteenth St. NW
Washington, DC 20005
Tel. (202) 879-5000

*Attorneys for Duramed Pharmaceuticals, Inc.*

---

[1] Duramed's counsel previously conferred with Solvay's counsel in an effort to reach a mutually agreeable briefing schedule on these issues. Opposing counsel indicated that Solvay would not agree to *any extension*, and thus Duramed has submitted this motion for the reasons set forth herein.

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2004, I electronically filed DURAMED PHARMACEUTICALS, INC.'S MOTION TO STAY SOLVAY PHARMACEUTICALS, INC.'S APPLICATION TO CONFIRM ARBITRATION AWARD with the Clerk of Courts, using the CM/ECF System which will send notification electronically to the following:

Earle Jay Maiman, Esq.
Erin M. Alkire, Esq.
Thompson Hine, LLP
312 Walnut Street, 14th Floor
Cincinnati, Ohio 45202-4089

*Of counsel:*

Michael L. Hardy, Esq.
James D. Robenalt, Esq.
Brian J. Lamb, Esq.
Tracy A. Hannan, Esq.
Thompson Hine, LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

*Attorneys for Solvay Pharmaceuticals, Inc.*

s / James E. Burke
_____
James E. Burke

1308470.1