# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **SOLVAY PHARMACEUTICALS, INC.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff-Claimant,** | ) | **CASE NO. 1:04 CV 414** |
| | ) | |
| v. | ) | |
| | ) | |
| **DURAMED PHARMACEUTICALS, INC.,** | ) | **JUDGE WEBER** |
| | ) | |
| | ) | |
| | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | |

## SOLVAY PHARMACEUTICALS, INC.'S BRIEF IN OPPOSITION TO DURAMED'S MOTION TO STAY APPLICATION TO CONFIRM ARBITRATION AWARD

Solvay commenced this summary proceeding under the Federal Arbitration Act (9 U.S.C. § 9) to enforce an arbitration award. Duramed responded, not with a cross-motion to vacate the arbitration award, but instead by moving to *stay* Solvay's confirmation application for up to 90 days or more. Duramed's Motion to Stay this confirmation proceeding should be denied for two simple reasons.

*First*, Duramed's Motion to Stay is just a delaying tactic. Duramed has not yet filed a motion to vacate the arbitration award; has not even articulated or alluded to a single statutory or non-statutory ground upon which it could base such a motion to vacate; and is in default of its obligations under the arbitration award, having failed to pay the first installment of $18 million that was due on July 16.

*Second*, a motion to stay is inapt here because, even if Duramed actually files a motion to vacate, Solvay's Application to Confirm and Duramed's motion to vacate should *proceed together*, as opposite sides of the same coin.  By definition, one will be granted and the other denied.  There is no basis or need to "stay" Solvay's Application to Confirm – the two motions (assuming Duramed actually files a motion to vacate) should proceed as a consolidated package.

Duramed faces an incredibly high standard for vacating the arbitration award, and having failed to even hint why it might someday succeed in such an effort, Duramed should not be permitted to unduly delay Solvay's contractual and statutory right to convert the arbitration award into a judgment.

## Procedural Background

Solvay Pharmaceuticals, Inc. ("Solvay") and Duramed Pharmaceuticals, Inc. ("Duramed") entered into a contractual business relationship.  An underlying agreement between them contained an arbitration clause, providing that any dispute would be resolved by arbitration pursuant to the commercial rules of the American Arbitration Association ("AAA").  After Duramed improperly terminated the parties' contractual relationship, Solvay initiated an arbitration proceeding before the AAA.

The parties selected each of the three arbitrators by agreement.  (This was *not* a case in which each side picked one arbitrator, and those two arbitrators picked the third "neutral" arbitrator.)  All three arbitrators have impeccable credentials.  The Hon. Craig Wright is a former justice of the Supreme Court of Ohio and a senior lawyer in a Columbus law firm; David Greer is an accomplished and well-respected trial lawyer from Dayton; and James Mercurio is an experienced alternative dispute resolution lawyer from Washington, D.C.  At the outset of the arbitration, the parties again stipulated that their dispute would be resolved in accordance with

the AAA's commercial rules.  The arbitration hearing lasted 15 days, and included post-hearing briefing and oral arguments.

During the arbitration hearing and in closing arguments, Solvay asked for damages of up to $128 million.  After a lengthy arbitration process, a majority of the arbitrators signed an arbitration award in favor of Solvay (the "Arbitration Award").  The Arbitration Award, which was delivered on June 16, 2004, requires Duramed to pay Solvay the total sum of $68 million, payable in specified installments over a 16-month period.[1]

The morning after the Arbitration Award was issued, Duramed's parent company issued a press release stating:  "We strongly disagree with the panel's opinion and intend to review all opportunities for challenging the award."[2]  The press release did not identify any particular statutory ground that might support such a challenge.

In light of this announcement, Solvay immediately filed its Application to Confirm Arbitration Award in this Court.  Duramed has not yet filed a motion to vacate the Arbitration Award, and has not articulated any ground on which such a motion to vacate could be based.  Instead, Duramed filed a Motion to Stay Application to Confirm and a Motion for Extension of Time to Respond to Application to Confirm Arbitration Award, essentially asking this Court to put Solvay's confirmation proceeding on hold while Duramed takes more time to prepare and file a motion to vacate the Arbitration Award.  In response to the latter Motion, Solvay has stipulated that Duramed may have an additional 20 days, up to July 28, to respond to Solvay's Application to Confirm.

---

[1]  Arbitrator Mercurio filed a separate statement and wrote that, while he agreed with the majority that Duramed breached the underlying contract, he disagreed with the amount of damages awarded by the majority.  (See Separate Statement of Arbitrator Mercurio, attached as Ex. A to Solvay's Application to Confirm Arbitration Award.)

[2]  (See Press Release dated June 17, 2004, *available at* <http://www.barrlabs.com/pages/nprpr.html>.)

Under the terms of the Arbitration Award, Duramed was required to make the first installment payment of $18 million by July 16, 2004.  Duramed failed to make that payment.[3]

## Discussion

The Federal Arbitration Act ("FAA") provides that a district court "must" confirm an arbitration award unless it is vacated, modified or corrected.  9 U.S.C. § 9 (2004).  The FAA presumes that an arbitration award will be confirmed.  Dawahare v. Spencer, 210 F.3d 666, 669 (6th Cir. 2000).  "[T]he confirmation of an arbitration award is a *summary proceeding* that merely makes what is already a final arbitration award a judgment of the court."  Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2nd Cir. 1981) (emphasis added); Marsillo v. Geniton, No. 03 Civ. 2117(TPG), 2004 U.S. Dist. LEXIS 9965, at *9 (S.D.N.Y. June 1, 2004).  "As the Supreme Court [has] noted . . ., the Arbitration Act reflects a 'statutory policy of rapid and unobstructed enforcement of arbitration agreements.'"  Pontiac Trail Med. Clinic, P.C. v. Painewebber, Inc., 1 F.3d 1241 (table), 1993 U.S. App. LEXIS 20280, at *6 (6th Cir. 1993) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23 (1983)).

Duramed is not entitled to frustrate this statutory policy and stiff-arm Solvay's Application to Confirm based upon a stated intention to move to vacate the Award at some point in the future on unspecified grounds.  In fact, Duramed indicates that it does not intend to file a motion to vacate until September 10, 2004.  (Mot. to Stay at 2.)  Solvay's confirmation application −which by statute may be filed at "*any time* within one year after the award is made," 9 U.S.C. § 9 (emphasis added)− should not be put on hold for 90 days or more while Duramed tries to muster some basis to seek to vacate the Award.  See Kanuth v. Prescott, Ball & Turben,

---

[3]  After Duramed defaulted on its obligation to pay the first installment under the Arbitration Award, and in response to a demand letter from Solvay, Duramed proposed a series of conditions under which it would make the payment.  Since Duramed's obligation to pay under the Arbitration Award is unconditional, the conditions proposed by Duramed were not acceptable to Solvay.

*Inc.*, No. 88-1416, 1990 U.S. Dist. Lexis 7406, at *8 (D.D.C. June 19, 1990) (denying defendant's motion for 90 day extension to respond to plaintiff's motion to confirm arbitration award, and stating that the defendant "has no statutory right to a three-month period after the award to sort out options, mull over tactics, or hold up confirmation of the award while new lawyers get up to speed.").

Given that Solvay has joined the issue by filing an Application to Confirm, Duramed should be required to respond promptly in accordance with the Federal Rules of Civil Procedure — either by conceding the issue or by moving to vacate the Arbitration Award. The three-month period to file a motion to vacate an arbitration award under 9 U.S.C. § 10 is a statute of limitations. See Int'l Bhd. of Teamsters, Local 406 v. FiveCAP, Inc., No. 1:02-CV-928, 2003 U.S. Dist. LEXIS 20466, at *12 (W.D. Mich. Sep. 10, 2003) (citing Foster v. Turley, 808 F.2d 38, 41 (10th Cir. 1986); Florasynth, Inc., 750 F.2d at 175; Hobet Mining, Inc. v. Int'l Union, United Mine Workers of Am., 877 F. Supp. 1011, 1017 (S.D.W.Va. 1994); and Kanuth, 1990 U.S. Dist. LEXIS 7406). As with any statute of limitations, a party is not entitled to use the full limitations period if a litigation adversary joins the battle and the party's claim becomes a compulsory counterclaim that is due before the limitations period expires.[4]

If Duramed intends to challenge Solvay's Application to Confirm, it must do so in a timely manner. In a summary confirmation proceeding, timely does not mean 90-plus days. Solvay has already consented to a 20-day extension of time for Duramed to respond to Solvay's Application to Confirm. No further extensions are warranted.

---

[4] Though designated "motions" under the FAA, courts treat filings to confirm, vacate, modify, and correct arbitration awards as "initial pleadings" in post-arbitration proceedings. Bonar v. Dean Witter Renolds, Inc., 835 F.2d 1378, 1382 (11th Cir. 1988); McClelland v. Azrilyan, 31 F. Supp. 2d 707, 711 (W.D. Mo. 1998). Moreover, Federal Rule of Civil Procedure 81(a)(3) specifies that the Federal Rules of Civil Procedure govern judicial proceedings under the FAA to the extent the FAA is silent on a procedural issue. FED. R. CIV. P. 81(a)(3); Bonar, 835 F.2d at 1382. Thus, under Federal Rule of Civil Procedure 13(a), a motion to vacate, modify, or correct an award should be treated as a compulsory counterclaim to a motion to confirm.

This is particularly true where Duramed has not articulated or even alluded to a single ground upon which it could base such a motion to vacate. The circumstances under which an arbitration award can be vacated are "extremely narrow." Nationwide Mut. Ins. Co. v. Home Ins. Co., 90 F. Supp. 2d 893, 905 (S.D. Ohio 2000), aff'd 278 F.3d 621 (2002). An arbitration award may be vacated only:

> (1) where the award was procured by fraud, (2) where the arbitrators were evidently partial or corrupt, (3) where the arbitrators misbehaved so that a party's rights were prejudiced, or (4) where the arbitrators exceeded their powers or executed them so that a final, definite award was not made. In addition, a reviewing court may vacate an award where the arbitrators have manifestly disregarded the law.

Dawahare, 210 F.3d at 669. If one of these limited grounds for vacating an award (such as evident partiality or corruption) were present here, one would think that Duramed would know and be able to articulate it by now (even if Duramed does not have to prove it until later).

Given the high burden that Duramed would face in trying to vacate the Arbitration Award, Duramed should be required to make some initial showing that it has a chance of success before it seeks a further delay of these confirmation proceedings. See Gibson Guitar Corp. v. MEC Import Handelsgesellshaft, GMBH, No. 98-6046, 1999 U.S. App. LEXIS 30169, at *4 (6th Cir. Nov. 17, 1999) ("[t]he review of an arbitrator's decision is 'one of the narrowest standards of judicial review in all of American jurisprudence'") (quoting Lattimer-Stevens Co. v. United Steelworkers of Am., 913 F.2d 1166, 1169 (6th Cir. 1990)); Floyd County Bd. of Educ. v. EUA Cogenex Corp., No. 98-6273, 1999 U.S. App. LEXIS 29692, at *6 (6th Cir. Nov. 5, 1999) (recognizing that a court's power to review an arbitration award is "'among the narrowest known to the law'") (internal citation omitted); Denver & Rio Grande Western R.R. Co. v. Union Pac. R.R. Co., 119 F.3d 847, 849 (10th Cir. 1997) (same). There is a strong federal policy in favor of enforcing arbitration agreements. See Ohio Center for Dance Columbus Festival Ballet v. Blo

Prod. Inc., 760 F. Supp. 677, 680 (S.D. Ohio 1991). Because courts are to give effect to arbitrators' decisions whenever possible, a reviewing court is precluded from reviewing the merits of an arbitration award. See Benjamin F. Shaw Co. v. Cincinnati Gas & Elec., 633 F. Supp. 841, 843 (S.D. Ohio 1986).

Duramed has not made such an initial showing. Instead, Duramed hints at three would-be deficiencies, none of which is a sufficient legal basis to vacate an arbitration award.

1. Majority Decision. Duramed notes that one of the three arbitrators (Mr. Mercurio) took issue with the amount of the damages awarded to Solvay (but not the finding of liability). (See Mot. to Stay at 2.) This is not a basis to challenge an arbitration award. Under the AAA's commercial arbitration rules, which govern here by stipulation of the parties, "[a]ny award shall be in writing and signed by a majority of the arbitrators." See American Arbitration Commercial Arbitration Rule 42; see also Rule 40 ("When the panel consists of more than one arbitrator, unless required by law or by the arbitration agreement, a majority of the arbitrators must make all decisions"); Marine Transit Corp. v. Dreyfus, 284 U.S. 263, 276 (1932) (holding that a unanimous arbitration award was unnecessary because neither the FAA nor the parties' arbitration agreement required unanimity); Stef Shipping Corp. v. Norris Grain Co., 209 F. Supp. 249, 252 n. 5 (S.D.N.Y. 1962) ("It is well established . . . that a determination of two of the three members of an arbitration panel is sufficient to constitute a valid award.").

The existence of a dissenting opinion, no matter how adamant, is not a ground for vacating an award. See In re Fertilinzantes Fasfatados Mexicanos, S.A., 751 F. Supp. 467, 468-69 (S.D.N.Y. 1990) (confirming arbitration award over charges of bias and misconduct leveled against the 2-member majority by the dissenting arbitrator, holding "there is nothing more to the extraordinary charges leveled by the dissenter than frustration in failing to convince the majority

of his position"). Here, Arbitrator Mercurio did not even lodge such extraordinary charges; he merely wrote that, in essence, he agreed with the majority's finding of liability but disagreed on the amount of damages awarded. (See Separate Statement of Arbitrator Mercurio, attached as Ex. A to Solvay's Application to Confirm Arbitration Award.) That is an issue that goes to the heart of the merits of the dispute – precisely the kind of issue that a court may not review under the FAA.

2.      Reasoned Opinion. Duramed complains that the arbitration panel issued a "cursory decision" and "indeed did not provide any reasoning in support of its decision." (Mot. to Stay at 2.) This argument, if Duramed intends to assert it as reason to vacate the Arbitration Award, is patently frivolous.

The AAA rules do not require a reasoned opinion in commercial cases. (See AAA Rule 42(b).) Moreover, the law is firmly established that arbitrators are not required to explain their decisions. Bernhardt v. Polygraphic Co. of Am., 350 U.S. 198, 203 (1956); Nationwide Mut. Ins. Co. v. Home Ins. Co., 330 F.3d 843, 848 (6th Cir. 2003) ("the absence of a record of decision indicating why the panel chose to limit Nationwide's offset rights does not give the district court the power to order the panel to consider the issue again. The panel is not required to give reasons for its decisions"); Dawahare, 210 F.3d at 669 ("Arbitrators are not required to explain their decisions. If they choose not to do so, it is all but impossible to determine whether they acted in manifest disregard of the law"); Green v. Ameritech Corp., 200 F.3d 967, 976 (6th Cir. 2000) ("If parties to an arbitration agreement wish a more detailed arbitral opinion, they should clearly state in agreement the degree of specificity required").

3.      Voluminous Record. Duramed hints that it needs a significant period of time to review the voluminous record below in search of errors, implying that surely it can find

something if given enough time. (Mot. to Stay at 2.) But a confirmation proceeding is supposed to be a "summary proceeding," not a hunting trip:

> Despite [defendant's] reference to thousands of pages of transcripts, hundreds of exhibits, and voluminous briefs involved in the arbitration proceedings, this Court would have no power to pick through this mass of material looking for errors. The Court is not allowed to correct errors of law or fact, if there be any, made by the arbitrators. Section 10 of the Act spells out very limited grounds for vacating an arbitration award.

Kanuth, 1990 U.S. Dist. LEXIS 7406 at *8. If there was something drastically infirm about the Arbitration Award, one would think that Duramed would know it by now.

In reality, Duramed's Motion to Stay is just part of its overall plan to delay paying Solvay in accordance with the Arbitration Award.

In any event, there is no need for a stay since a motion to confirm and a motion to vacate are opposite sides of the same coin. By definition, one will be granted and the other denied in simultaneous or nearly simultaneous rulings. See 9 U.S.C. § 9 (court must grant the motion to confirm unless it grants a motion to vacate, modify, or correct the award).

"A stay of proceedings to confirm an arbitration award is contemplated only in order to permit consideration of motions to vacate, modify or correct an award." Marsillo, 2004 U.S. Dist. LEXIS 9965 at *12 (citing 9 U.S.C. § 12 (2004)). One could see such an issue arising where an application to confirm an arbitration award is filed in one court and a motion to vacate is filed in another. A stay might be appropriate in those circumstances to ensure that the first court does not grant an application to confirm before the second court has a chance to rule on the motion to vacate. Here, that is simply not an issue because both motions will be pending before this Court and can be briefed and considered in an orderly manner.

## <u>Conclusion</u>

For the foregoing reasons, Solvay requests that Duramed's Motion to Stay be denied and that this confirmation proceeding go forward on a timely basis.

Respectfully submitted,

/s/ Earle Jay Maiman
Earle Jay Maiman (0014200)
    Trial Attorney
Erin M. Alkire (0074212)
**THOMPSON HINE LLP**
312 Walnut Street
14th Floor
Cincinnati, Ohio 45202-4089
(513) 352-6700
(513) 241-4771

*Of Counsel*

Michael L. Hardy    (0011717)
James D. Robenalt    (0022165)
Brian J. Lamb    (0055447)
Gary L. Walters    (0071572)
Tracy A. Hannan    (0075990)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, OH   44114
(216) 566-5500
(216) 566-5800

*Attorneys for Solvay Pharmaceuticals, Inc.*

10

**<u>Certificate of Service</u>**

I hereby certify that on July 22, 2004, I electronically filed SOLVAY PHARMACEUTICALS, INC.'S BRIEF IN OPPOSITION TO DURAMED'S MOTION TO STAY APPLICATION TO CONFIRM ARBITRATION AWARD with the Clerk of Courts, using the CM/ECF System which will send notification electronically to the following:

James E. Burke
R. Patrick Dewine
Keating, Muething & Klekamp, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, OH 45202
Tel: 513-579-6570
Fax: 513-579-6457

Thomas D. Yannucci, P.C.
Pat A. Cipollone
Gerald F. Masoudi
Kirkland & Ellis, L.L.P.
655 Fifteenth Street N.W.
Washington, DC 20005
Tel. 202-879-5000

*Attorneys for Duramed Pharmaceuticals, Inc.*

/s/ Earle Jay Maiman
Earle Jay Maiman